**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019*
Decided March 21, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1508

| | |
|---|---|
| DANIEL J. MCNETT, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v*. | |
| | No. 17 C 2515 |
| NICHOLAS ROBERTSON, *et al.*, | |
|     *Defendants-Appellees*. | Gary Feinerman, |
| | *Judge*. |

## O R D E R

Daniel McNett, an Illinois inmate, challenges the dismissal of his complaint alleging that two police officers detained him in violation of the Fourth Amendment, and that the Village of Palatine (which employs the officers) has a policy or practice of arresting people without probable cause, in violation of *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). The district court dismissed the complaint at

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. CIV. P. 34(a)(2)(C).

screening, see 28 U.S.C. § 1915A, because McNett pleaded facts that affirmatively defeated his claims. We affirm.

We review de novo a dismissal under 28 U.S.C. § 1915A, and we accept the facts alleged in McNett's amended complaint as true. See *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). McNett alleges that he was falsely arrested one night by Officers Nicholas Robertson and Mark Dockendorf, who with their squad cars boxed in his car outside the church homeless shelter that he drove to as part of a "procession of cars." Unbeknownst to McNett at the time, the officers were responding to a 911 call placed by another driver who had complained that McNett was following her. When questioned by one of the officers, McNett produced a driver's license that turned out to be invalid. The officers then arrested McNett.

The district judge concluded that McNett had pleaded himself out of court. The judge reasoned that the officers had probable cause to arrest McNett for driving without a license, dooming his Fourth Amendment claim. And McNett's *Monell* claim against the Village failed, the judge added, because McNett based his conclusory allegations solely on his own experience, which was insufficient to suggest any unlawful municipal policy or practice.

On appeal, McNett asserts that the officers' decision to stop him in the church parking lot was unreasonable because the 911 caller did not allege any criminal activity and because the officers did not investigate the caller's reason for dialing 911. But the district judge properly concluded that McNett's allegations about the legality of the stop did not state a Fourth Amendment claim. Accepting McNett's allegations as true, the officers had reasonable suspicion to stop McNett based on the 911 caller's complaint that McNett was tailing her. See *United States v. Drake*, 456 F.3d 771, 774–75 (7th Cir. 2006); see *also United States v. Wooden*, 551 F.3d 647, 650 (7th Cir. 2008) ("A 911 system designed to provide an emergency response to telephonic tips could not operate if the police had to verify the identity of all callers and test their claim to have seen crimes in progress."). Moreover, McNett does not allege that the officers saw anything before stopping him that would provide a reason to doubt the caller's report, so the officers could not have acted unreasonably by stopping him to investigate the caller's complaint.

As for his arrest, the district court also properly determined that McNett pleaded himself out of court. McNett acknowledged in the complaint that he showed the officers an invalid driver's license when asked for identification; the officers therefore had probable cause to arrest him. See 625 ILCS 5/6-303; *District of Columbia v. Wesby*,

138 S. Ct. 577, 584 n.2 (2018); *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017). And without an underlying constitutional violation, McNett could not have succeeded on a *Monell* claim. See *Horton v. Pobjecky*, 883 F.3d 941, 954 (7th Cir. 2018).

AFFIRMED